## COURTNAY et al. v. KING et al.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915.)

No. 2427.

1. APPEAL AND ERROR ⬤⟾87—RULINGS ASSIGNABLE—ORDER DENYING NEW TRIAL.

An order of a federal court denying a motion for a new trial is not assignable for error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 559–569, 577–596; Dec. Dig. ⬤⟾87.]

2. TRIAL ⬤⟾419, 420—MOTION FOR NONSUIT—INSTRUCTED VERDICT—FAILURE TO RENEW—WAIVER.

Defendants, by taking testimony after denial of their motions for nonsuit and for an instructed verdict, and by failing to renew the motions at the close of all the testimony, waived both.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 982, 983; Dec. Dig. ⬤⟾419, 420.]

3. APPEAL AND ERROR ⬤⟾1052—HARMLESS ERROR—RULINGS ON EVIDENCE—CURING ERROR.

Error in overruling an objection to a question whether a witness took possession of certain property was cured by subsequent testimony disclosing his acts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ⬤⟾1052.]

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4.** EVIDENCE ☞355—RELEVANCY.

Where a mining partnership executed a bill of sale of its property to trustees for the benefit of laborers, a list of the names of laborers, not claimed to contain any names of persons who were not entitled to the benefit of the bill of sale, was not objectionable because a previous list had been made, not containing the same names.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1444, 1484–1491; Dec. Dig. ☞355.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Frederick E. Fuller, Judge.

Action by Tom P. King and another against R. M. Courtnay and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

McGowan & Clark, of Fairbanks, Alaska, for plaintiffs in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The defendants in error, as trustees for laborers who had worked for the Russian Mining Company, a copartnership, brought an action against the plaintiffs in error to recover certain personal property alleged to have been taken from the possession of said trustees by the plaintiffs in error. The plaintiffs in error answered, alleging that they had taken possession of the property in the discharge of their official duties, by serving writs of attachment on the same. The jury returned a verdict in favor of the defendants in error for the recovery of the possession of 75 cords of wood, one double cylinder hoist, one carrier, one bucket, and one trolley cable, all of the value of $575.

[1, 2] It is unnecessary to cite authorities to the proposition that the ruling of the trial court in denying the motion for a new trial is not assignable as error, or to the proposition that the defendants in the action, by taking testimony after their motion for a nonsuit and their motion for an instructed verdict were overruled, and by failing to renew said motions at the close of the whole testimony, waived both motions. It remains only to consider the rulings of the court on the admission of testimony.

[3] It is assigned as error that the court denied the motion of plaintiffs in error to strike out the testimony given by Serafino, in answer to the question, "Now, state what you did under those instruments, as trustees, that same day." To which he answered, "Well, we went down on the claim and took possession of it." The ground of the motion to strike out was that the answer stated a conclusion. The mining company had made two bills of sale to trustees for the benefit of laborers. The first was made on April 29, 1912, and covered the property which was described in the jury's verdict. The second was made on June 11, 1912, and was for other property. It appears elsewhere in his testimony that it was as to the property described in the second bill of sale that Serafino testified that he took possession. On the trial the

defendants in error, through their attorney, waived their claims as to all property except that which was described in the first bill of sale, and it follows, of course, that error cannot be predicated upon any ruling of the court as to the admission of evidence affecting property described in the second bill of sale. But if the testimony be taken as referring to the property described in both instruments, there was no error, for later Serafino described the acts which he did to take possession.

[4] Error is assigned to the admission of the paper marked "Plaintiffs' Exhibit 3," which was a list of the names of 16 laborers signed by the members of the Russian Mining Company, and was intended to furnish the names of the beneficiaries of the first bill of sale; that instrument having been made to C. H. Ward, as trustee, for the benefit of the laborers, and subsequently assigned by him to Serafino with the Mining Company's consent. The only objection made to the admission of Exhibit 3 was that there were names thereon which did not belong there, that the defendants had first set forth a list of names in Russian, and that "now they come in with another list containing entirely different names." What the first list so referred to in the objection was does not appear in the record, but Serafino testified that the list, Exhibit 3, was made out by the Russian Mining Company, and was signed by all the men, and that, if it differed from the list made out in Russian in that it contained more names, the reason might be that some of the men were not around there, and were not put on the other list. There is no evidence whatever that the list which was admitted in evidence as Exhibit 3 contained names of laborers that were not entitled to the benefit of the bill of sale. There was no error, therefore, in admitting that paper in evidence.

The judgment is affirmed.